UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE FREDERICKS and
GERTRUDE FREDERICKS,                          Case No. 14-14270

                                              Paul D. Borman
v.                                            United States District Judge

MORTGAGE ELECTRONIC                           David R. Grand
REGISTRATION SYSTEMS, INC.,                   United States Magistrate
                                              Judge
and NATIONSTAR MORTGAGE
LLC,

            Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 8)

Before the Court is Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Nationstar Mortgage LLC's ("Nationstar") Motion to Dismiss. (ECF No. 8.) One day before the hearing, and over four months late, Plaintiffs filed an untimely response, which the Court struck. (ECF No. 12, Order Striking Plaintiff's Response Brief.) The Court held a hearing on May 22, 2015 and permitted argument by counsel for Plaintiffs and Defendants. For the reasons that follow, the Court GRANTS the motion and DISMISSES Plaintiffs' Complaint WITH PREJUDICE.

**INTRODUCTION**

This is a mortgage foreclosure case. Plaintiffs fell behind on their mortgage payments and their home was sold at a foreclosure sale on October 7, 2014. Plaintiffs filed suit in Oakland County Circuit Court on October 6, 2014, alleging wrongful foreclosure, breach of contract and fraudulent misrepresentation. Defendants removed to this Court on November 5, 2014.

1

**I.      BACKGROUND**

On or about October 15, 2009, as security for a promissory note in the amount of $88,369.00 (the "Note") payable to Paramount Bank ("Lender"), Plaintiffs granted a mortgage on real property located at 1713 Stirling Ave., Pontiac, Michigan (the "Property") to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for Lender and Lender's successors and assigns (the "Mortgage"). (Compl. ¶¶ 4-5; ECF No. 8, Defs.' Mot. Exs. A - Note and B - Mortgage.)[1] The Mortgage was recorded on October 21, 2009 with the Oakland County Register of Deeds. Defs.' Mot. Ex. A, Mortgage. On June 7, 2013, the Mortgage was assigned to Defendant Nationstar Mortgage LLC ("Nationstar"), and an Assignment of the Mortgage was recorded on July 17, 2013. (Compl. ¶ 6; Defs.' Mot. Ex. C - Assignment.)

Plaintiffs began to have trouble meeting their financial obligations under the Note and Mortgage and sought loan modification assistance. (Compl. ¶¶ 8-9, 17.) The parties never reached an agreement on a loan modification. (Compl. ¶¶ 9, 19, 20, 21.) Notice of the October 7, 2014 foreclosure sale was posted on the premises on September 11, 2014, and published thereafter weekly until the date of sale. (Defs.' Mot. Ex. D, Sheriff's Deed p. 688, 689.) On October 7, 2014, the foreclosure sale took place. Although the Plaintiffs' case was then pending in the Oakland County Circuit Court, a review of the Oakland County Circuit Court records reveals that no injunctive relief to halt the foreclosure sale was requested or entered by that court. Nationstar purchased the Property

---

[1] Plaintiffs did not attach the relevant mortgage documents to their Complaint and Defendants provide the documents in support of their motion. Because these documents are referred to in Plaintiffs' Complaint and are central to the claims in the Complaint, the Court may consider such documents, and any matters of public record that pertain to the allegations of Plaintiffs' Complaint which are attached to Defendants' response, without converting the motion to one for summary judgment. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

at the foreclosure sale for $88,565.68 and recorded the Deed on October 15, 2014. (Def.'s Mot. Ex. D, Sheriff's Deed.) The redemption period expired on April 8, 2015.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a

> complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

**III.    ANALYSIS**

    **A.    Plaintiffs' Failure to File a Response to the Motion to Dismiss Amounts to a Waiver of any Opposition to the Motion**

Plaintiffs failure to timely respond to Defendants' Motion to Dismiss, as required by E. D. Mich. L.R. 7.1(c)(1) and 7.1(e)(1)(B), amounts to a waiver of any argument in opposition to Defendants' motion. *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (citation omitted) (alteration added). *See Jirjis v. Wachovia*, No. 10-11728, 2011 WL 87247, at *2 (E.D. Mich. Jan. 11, 2011) (finding plaintiff's failure to respond to defendants' motions to dismiss a waiver of opposition to the motion and addressing the adequacy of the complaint without benefit of response). The Court is still required, however, to analyze the sufficiency of the allegations of the Complaint, which are accepted as true at this stage of the proceedings, when considering Defendants' motion to dismiss the Complaint. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (finding an abuse of discretion where district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss).

In this case, Plaintiffs did file an untimely response to Defendants' motion over four months late and just one day before the scheduled hearing on the motion. The Court struck the response not only because of the egregious violation of the rules of procedure governing the timing and filing of responses in this particular instance but because Plaintiffs' counsel has repeatedly engaged in this dilatory tactic in other matters filed in this District and has been warned of the consequences of such conduct. *See* ECF No. 12, Order Striking Plaintiffs' Response Brief. Although the Court did strike

5

the responsive brief, the Court did permit Plaintiffs' counsel to argue at the hearing on the motion and the Court did read and consider the untimely response in preparation for the hearing.

### B. Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can be Granted

Plaintiffs' Complaint alleges three counts against Defendants: (1) wrongful foreclosure, (2) breach of contract, and (3) fraudulent misrepresentation.

#### 1. Count I - Wrongful Foreclosure

Plaintiffs allege in Count I that Defendants failed to follow the procedures set forth in Mich. Comp. Laws § 600.3201 *et seq.* "by failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure." Compl. ¶ 23. This one-paragraph Count fails to plausibly suggest a claim.

Plaintiffs do not identify which section of the foreclosure by advertisement statute Defendants are alleged to have violated but because Count I alleges, in its sole paragraph, that Defendants failed to "properly calculate the amount due," we presume that they claim a violation of § 600.3212, which sets forth the required contents of the notice of foreclosure by advertisement and requires that it contain "the amount claimed to be due on the mortgage." § 600.3212(c).

Plaintiffs' allegations fall well short of providing the factual detail required to plausibly suggest such a claim. Plaintiffs do not allege the claimed improper amount nor do they allege what they believe the proper amount should have been. Plaintiffs' counsel is well aware of the failure of such allegations to withstand a motion to dismiss, as other courts in this District have dismissed identical claims in other of Mr. Lutz's cases based on similarly vague allegations:

> Plaintiff alleges that Defendants failed to properly calculate the amount claimed to be due on the date of the notice of foreclosure in violation of Mich. Comp. Laws § 600.3212(c). From a pleading perspective, this claim falls short of the mark. Plaintiff fails to assert basic elements of her claim, including what she believed the correct

> amount due to be. Plaintiff has made no factual allegation beyond stating that the amount due was inaccurate. As the Supreme Court reiterated in *Iqbal*, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678 (citations omitted). This aspect of Plaintiff's claim is little more than a "naked assertion devoid of further factual enhancement." *Id*.

*Fredericks v. Allquest Home Mtg. Corp.*, No. 15-10429, 2015 WL 1966856, at *2 (E.D. Mich. April 30, 2015) (Edmunds, J.) (alteration in original). *See also Frank v. Mortgage Electronic Registration Systems, Inc., et al*., No. 14-13518, 2014 WL 6886589, at *2-3 (E.D. Mich. Dec. 4, 2014) (Cohn, J.) (holding that Count I, containing similarly vague allegations regarding the improper statement of the amount due, failed to satisfy *Twombly* where "the complaint presents no facts or explanation for how the amount on the notice was improperly calculated, why it is incorrect, or what the correct amount should have been.").

There is no mention whatsoever in Plaintiffs' stricken response regarding this Count of the Complaint, and counsel made no effort to address these pleading deficiencies at oral argument. Count I fails to satisfy *Twombly* and *Iqbal* as it does not allege sufficient facts to plausibly suggest a claim.  The Court GRANTS Defendants' motion to dismiss Count I.

**2.   Count II - Breach of Contract**

To state a breach of contract claim under Michigan law, plaintiffs must plead that "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach."  *Dunn v. Bennett*, 303 Mich. App. 767, 774, 846 N.W.2d 75 (Mich. Ct. App. 2013).  Plaintiffs allege in paragraph 25 of the Complaint that the Note and Mortgage constitute a "contract" between Plaintiffs and Defendants.  Plaintiffs then allege that Defendants breached a covenant of good faith and fair dealing with regard to that "contract."  Compl. ¶ 26.  The Complaint alleges that Defendants breached that covenant by

"disingenuously negotiating" with Plaintiffs for a loan modification.  Compl. ¶ 27.

First, the Complaint fails to identify any provision of the Note or Mortgage that would impose an obligation on the Defendants to modify Plaintiffs' loan.  Second, "'Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.'" *Frank*, 2014 WL 6886589, at *3 (quoting *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827 (2006)).  *See also Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271 (Mich. Ct. App. 2003) ("Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing").  In their response, Plaintiffs cite authority standing for the proposition that *if* a defendant's performance is a matter of discretion, then Michigan courts will imply a covenant of good faith and fair dealing.  Nothing in the Note and Mortgage, the documents identified by Plaintiffs as forming the basis for their breach of contract claim, gives Defendants any discretion with regard to their obligations under those instruments. This proposition of law regarding discretionary conduct is inapplicable to these facts as Defendants have no discretion with regard to their performance under the Note and Mortgage, the only "contract" on which Plaintiffs could base their claim of breach.  Plaintiffs assert in their response that "loan modification" was a matter of Defendants' discretion, but, as discussed *infra*, the statute of frauds bars any claim that there was an oral agreement between the parties regarding loan modification.

Finally, if Plaintiffs are alleging a breach of contract based on an oral representation, this claim fails under the Michigan financial institution statute of frauds. Michigan's financial institution statute of frauds, Mich. Comp. Laws § 566.132, requires that any agreement by a financial institution to modify a loan agreement or forbear from proceeding with their foreclosure rights must

8

be in writing and signed by an authorized agent of the financial institution. Section 566.132 provides in relevant part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise of commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise of commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

This statutory provision has been strictly enforced to bar any type of claim against a financial institution that is not supported by a written document signed by an authorized agent of the financial institution. *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000) (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel"). *See also Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 919 (E.D. Mich. 2012) (citing *Crown Technology* and dismissing plaintiffs' fraud claims that would require the court to enforce alleged oral promises and representations in contravention of the statute of frauds); *Snell v. Wells Fargo Bank*, No. 11-12018, 2012 WL 1048576, at *6-7 (E.D. Mich. March 28, 2012) (citing *Crown Technology* and finding that under Michigan statute of frauds, a party is precluded from bringing any claim against a financial institution to enforce the terms of an oral promise and rejecting plaintiff's attempt to rely on alleged unwritten

promises by its lender to enter into a loan modification agreement or to forbear from foreclosure); *Heikkinen v. Bank of America, N.A.*, No. 11-13532, 2012 WL 628608, at *7 (E.D. Mich. Feb. 27, 2012) ("Because Plaintiff presents no evidence of a writing signed by Defendants promising to modify her loan documents, her claims based on any such promise do not survive Defendants' motion for summary judgment and are dismissed."); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012) (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds"); *Williams v. JP Morgan Mtg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *4 (E.D. Mich. March 19, 2010) (finding that third party notes of conversations with defendant's representatives, allegedly indicating an agreement to delay a sheriff's sale, at most "offer[ed] proof of a verbal promise and not a writing signed by Defendant as required by [Mich. Comp. Laws § 566.132]"); *Ajami v. IndyMac Mtg. Services*, No. 09-13488, 2009 WL 3874680, at *2 (E.D. Mich. Nov. 13, 2009) (finding that oral promises to modify a loan "fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c)" and dismissing plaintiffs' claims based on plaintiffs' failure to provide documentary evidence establishing a promise of financial accommodation).

Plaintiffs argue in their response that the statute of frauds is inapplicable based upon the doctrine of promissory estoppel. The law is clear, however, that the financial institution statute of frauds bars *any* claim based on an oral representation, including claims of promissory estoppel. *See Crown Technology*, 242 Mich. App. at 550 (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel");

*Meyer*, 2012 WL 511995, at *9 (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds").

Plaintiffs' counsel did not address these pleading deficiencies at the hearing on Defendants' motion to dismiss. Count II fails to state a claim on which relief can be granted and the Court GRANTS Defendants' motion to dismiss Count II.

### 3. Count III - Fraudulent Misrepresentation

It is entirely unclear from the allegations set forth in Count III exactly what conduct Plaintiffs claim constitutes the basis for their fraudulent misrepresentation claim. The allegations are so vague, setting forth only a recitation of the legal elements of such claim, that it is impossible to discern what statements Plaintiffs claim were fraudulent. The Court presumes, however, that Plaintiffs claim to have been misled with regard to the availability of loss mitigation alternatives based upon the allegation in paragraph 9 of the Complaint that "Defendants have fraudulently allowed Plaintiff to submit several load modifications and payments."

To state a claim of fraudulent misrepresentation, Plaintiffs must establish: "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hi–Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976) (quoting *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141 (1919)).

11

Fed. R. Civ. P. 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." A plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA–The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). Failure to comply with Rule 9(b) is grounds for dismissal of the claim. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 524 (6th Cir. 2007).

Plaintiffs' fraudulent misrepresentation claim simply contains conclusory allegations which merely restate the elements of a fraudulent misrepresentation claim. Such a "formulaic recitation of the elements" is exactly what the Supreme Court deemed insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiffs provide no factual matter whatsoever that would enable the Court to identify any of the elements necessary to sustain a claim of fraudulent misrepresentation. No specific representations are identified nor do Plaintiffs allege any facts regarding their reliance on those unspecified representations. Plaintiffs' counsel made no effort to address these pleading deficiencies at the hearing on the motion to dismiss. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' fraudulent misrepresentation.[2]

---

[2] The singular statement made by Plaintiffs' counsel at the hearing on the motion to dismiss concerned a claim under the Real Estate Settlement Procedures Act ("RESPA"). No such claim is pled in Plaintiffs' Complaint and Plaintiffs never filed or sought leave to file an Amended Complaint. In any event, the principal relief Plaintiffs seek in this action, *i.e.* setting aside the foreclosure sale of their home, is unavailable under RESPA. *Houle v. Green Tree Servicing*, No. 14-14654, 2015 U.S. Dist. LEXIS 53414, at *8-9 (E.D. Mich. April 23, 2015) (noting that the principal relief sought by plaintiff – to set aside the sheriff's sale – "is unavailable to him under RESPA").

## IV. CONCLUSION

Plaintiffs' Complaint fails in all respects to satisfy the pleading requirements of *Twombly* and *Iqbal*. The claims amount to little more than "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted) (alteration in original). For all of the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and DISMISSES Plaintiffs' Complaint WITH PREJUDICE.

IT IS SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: June 2, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2015.

                                          s/Deborah Tofil
                                          Case Manager